**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: PLAVIX PRODUCT LIABILITY AND MARKETING LITIGATION | MDL No. 3:13-cv-02418-FLW-TJB |
| This Document Relates to:<br><br>BETTY TARVER,<br><br>                           Plaintiff,<br><br>v.<br><br>BRISTOL-MYERS SQUIBB COMPANY, SANOFI-AVENTIS U.S., L.L.C., SANOFI U.S. SERVICES INC. f/k/a SANOFI-AVENTIS, U.S., INC., and SANOFI-SYNTHELABO, INC.<br><br>                           Defendants. | Case No. 3:13-cv-02262-FLW-TJB |

## DEFENDANTS' ANSWER TO COMPLAINT AND JURY DEMAND

---

**ARNOLD & PORTER LLP**
555 Twelfth Street N.W.
Washington, D.C. 20004
Telephone No. (202) 942-5000
Fax No. (202) 942-5999

**LOWENSTEIN SANDLER LLP**
65 Livingston Avenue
Roseland, N.J. 07068
Tel. No. (973) 597-2500
Fax No. (973) 597-6193

*Attorneys for Defendants Bristol-Myers Squibb Company, Sanofi-Aventis U.S. LLC, Sanofi US Services Inc., and Sanofi-Synthelabo Inc.*

Defendants Bristol-Myers Squibb Company ("BMS"), Sanofi-Aventis U.S. LLC, Sanofi US Services Inc., and Sanofi-Synthelabo Inc.[1] (collectively, "Defendants"), by and through undersigned counsel, hereby answer Plaintiff's Complaint (the "Complaint").

Plaintiff's Complaint consists largely of sweeping, conclusory allegations about Defendants' conduct without factual allegations supporting those averments. The Complaint also fails to connect the few factual allegations that are made with Plaintiff's Plavix® prescriptions or alleged injuries, and fails to show how those factual allegations relate to or support the vague legal claims asserted. Accordingly, Defendants offer their responses herein without prejudice to their right to seek relief from the Court based on Plaintiff's failure to state a claim upon which relief can be granted and/or Plaintiff's failure to satisfy applicable pleading standards.

As to each allegation, Defendants respond as follows. All allegations are denied unless specifically admitted.

## GENERAL ALLEGATIONS

1. Answering the allegations of Paragraph 1, Defendants state that the Bristol-Myers Squibb/Sanofi Pharmaceuticals Partnership has been responsible for manufacturing, testing, promoting, marketing, distributing, labeling, and selling the prescription drug Plavix® in, among other places, the United States. To the extent the remaining allegations of Paragraph 1 are intended to summarize allegations set forth in Plaintiff's Complaint, the allegations are improper and require

---

[1] Sanofi-Aventis U.S. LLC was incorrectly designated "Sanofi-Aventis U.S., L.L.C.," and Sanofi-Synthelabo Inc. was incorrectly designated "Sanofi-Synthelabo, Inc." in the Complaint.

no response.  To the extent a response is deemed necessary, Defendants deny the remaining allegations in Paragraph 1.

## JURISDICTION AND VENUE

2.      To the extent Paragraph 2 alleges any wrongdoing or wrongful acts by Defendants or alleges that Defendants are liable to Plaintiff or that Plaintiff is entitled to any damages from Defendants, Defendants deny the same.  The allegations in Paragraph 2 otherwise assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendants deny the same.

## PARTIES

3.      Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 3 and therefore deny the same.

4.      Answering the allegations of Paragraph 4, Defendants admit that BMS is a Delaware pharmaceutical company that maintains its headquarters at 345 Park Avenue, New York, New York 10154.  Defendants deny the remaining allegations in Paragraph 4.

5.      Answering the allegations of Paragraph 5, Defendants admit that Sanofi-Aventis U.S. LLC is a Delaware limited liability company that maintains its headquarters at 55 Corporate Drive, Bridgewater, New Jersey 08807.  Defendants deny the remaining allegations in Paragraph 5.

6.      Answering the allegations of Paragraph 6, Defendants admit that Sanofi US Services Inc. (formerly known as Sanofi-Aventis U.S. Inc.) is a Delaware corporation that maintains its headquarters at 55 Corporate Drive, Bridgewater, New Jersey 08807.  Defendants deny the remaining allegations in Paragraph 6.

7.      Answering the allegations of Paragraph 7, Defendants admit that Sanofi-Synthelabo Inc. is a Delaware corporation that maintains its headquarters at 55 Corporate

Drive, Bridgewater, New Jersey 08807.  Defendants deny the remaining allegations in Paragraph 7.

8.     The allegations in Paragraph 8 require no response.

9.     The allegations in Paragraph 9 require no response.

10.     Answering the allegations of Paragraph 10, Defendants state that the Bristol-Myers Squibb/Sanofi Pharmaceuticals Partnership has been responsible for manufacturing and marketing the prescription drug Plavix® in, among other places, the United States.  Defendants deny the remaining allegations in Paragraph 10.

11.     Answering the allegations of Paragraph 11, Defendants state that the Bristol-Myers Squibb/Sanofi Pharmaceuticals Partnership has been responsible for manufacturing and marketing the prescription drug Plavix® in, among other places, the United States.  Defendants further state that Plavix® has been prescribed, among other places, in Louisiana.  Defendants deny the remaining allegations in Paragraph 11.

12.     Defendants deny the allegations in Paragraph 12.

13.     Defendants deny the allegations in Paragraph 13.

14.     Answering the allegations of Paragraph 14, Defendants state that the Bristol-Myers Squibb/Sanofi Pharmaceuticals Partnership has been responsible for manufacturing and marketing the prescription drug Plavix® in, among other places, the United States.  Defendants deny the remaining allegations in Paragraph 14.

15.     Answering the allegations of Paragraph 15, Defendants state that the Bristol-Myers Squibb/Sanofi Pharmaceuticals Partnership has been responsible for manufacturing and marketing the prescription drug Plavix® in, among other places, the United States.  Defendants further state that Plavix® has been prescribed, among other places, in Louisiana.  Defendants deny the remaining allegations in Paragraph 15.

## FACTUAL ALLEGATIONS

16.     Answering the allegations of Paragraph 16, Defendants repeat and incorporate by reference their response to all preceding paragraphs of this Answer as if fully set forth herein.

17.     Answering the allegations of Paragraph 17, Defendants state that in April 1997 the U.S. Food and Drug Administration ("FDA") granted the Plavix® NDA a priority review and that on November 17, 1997, after completing this review, FDA determined that Plavix® was safe and effective for use in accordance with its FDA-approved label, and approved Plavix® for sale in the United States.  Defendants further state that in March 1998, a few months after Plavix® was approved by FDA, the Bristol-Myers Squibb/Sanofi Pharmaceuticals Partnership began to market and sell Plavix® in the United States. Defendants deny the remaining allegations in Paragraph 17.

18.     Defendants deny the allegations in Paragraph 18.

19.     Answering the allegations of Paragraph 19, Defendants state that Plavix® has been marketed through television, magazine, and Internet advertisements to both medical professionals and consumers, and that the Plavix® marketing materials, consistent with FDA regulations and applicable standards of care and law, set forth information about the product's benefits and risks in accordance with its FDA-approved label.  Defendants further state that the Plavix® marketing material content speaks for itself.  Defendants deny the remaining allegations in Paragraph 19.

20.     Defendants deny the allegations in Paragraph 20.

21.     Defendants deny the allegations in Paragraph 21.

-4-

22.     Answering the allegations of Paragraph 22, Defendants state that global sales of Plavix® exceeded $3.8 billion in 2005.  Defendants deny the remaining allegations in Paragraph 22.

23.     Defendants deny the allegations in Paragraph 23.

24.     Answering the allegations of Paragraph 24, Defendants state that, in accordance with FDA regulations and applicable standards of care and law, correspondence on behalf of the Bristol-Myers Squibb/Sanofi Pharmaceuticals Partnership was exchanged with FDA addressing the content of certain promotional materials related to Plavix®, and that this correspondence and the content of the marketing materials speak for themselves.  Defendants deny the remaining allegations in Paragraph 24.

25.     Answering the allegations of Paragraph 25, Defendants state that, in accordance with FDA regulations and applicable standards of care and law, correspondence on behalf of the Bristol-Myers Squibb/Sanofi Pharmaceuticals Partnership was exchanged with FDA addressing the content of certain promotional materials related to Plavix®, and that this correspondence and the content of the marketing materials speak for themselves.  Defendants further state that the CHARISMA (Clopidogrel and Aspirin Versus Aspirin Alone for the Prevention of Atherothrombotic Events) Study was conducted and reported in *The New England Journal of Medicine* on April 20, 2006, and that this study and its results speak for themselves.  Defendants deny the remaining allegations in Paragraph 25.

26.     Answering the allegations of Paragraph 26, Defendants state that, in accordance with FDA regulations and applicable standards of care and law, correspondence on behalf of the Bristol-Myers Squibb/Sanofi Pharmaceuticals Partnership was exchanged with FDA addressing the content of certain promotional materials related to Plavix®, and that this correspondence and the content of the marketing materials speak for themselves.  Defendants deny the remaining allegations in Paragraph 26.

27. Answering the allegations of Paragraph 27, Defendants state that, in accordance with FDA regulations and applicable standards of care and law, correspondence on behalf of the Bristol-Myers Squibb/Sanofi Pharmaceuticals Partnership was exchanged with FDA addressing the content of certain promotional materials related to Plavix®, and that this correspondence and the content of the marketing materials speak for themselves. Defendants further state that the CAPRIE (Clopidogrel Versus Aspirin in Patients at Risk of Ischemic Events) Study and its results speak for themselves. Defendants deny the remaining allegations in Paragraph 27.

28. Defendants deny the allegations in Paragraph 28.

29. Defendants deny the allegations in Paragraph 29.

30. Defendants deny the allegations in Paragraph 30.

31. Defendants deny the allegations in Paragraph 31.

32. Answering the allegations of Paragraph 32, Defendants state that the "Chan Study" was conducted and reported in *The New England Journal of Medicine*, and that this study and its results speak for themselves. Defendants deny the remaining allegations in Paragraph 32.

33. Answering the allegations of Paragraph 33, Defendants state that the "Chan Study" and its results speak for themselves. Defendants deny the remaining allegations in Paragraph 33.

34. Answering the allegations of Paragraph 34, Defendants state that the CHARISMA (Clopidogrel and Aspirin Versus Aspirin Alone for the Prevention of Atherothrombotic Events) Study and its results speak for themselves. Defendants deny the remaining allegations in Paragraph 34.

35. Defendants deny the allegations in Paragraph 35.

36. Answering the allegations of Paragraph 36, Defendants state that the FDA has approved the Plavix® labeling accompanying the product and that the Plavix® label is published in the Physician's Desk Reference. Defendants deny the remaining allegations in Paragraph 36.

37. The allegations of Paragraph 37 require no response. To the extent a response is deemed necessary, Defendants state that the standards for drug labeling are governed by applicable laws and regulations.

38. Defendants deny the allegations in Paragraph 38.

39. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 39 and therefore deny the same.

40. To the extent Paragraph 40 alleges that Plaintiff suffered any injuries, losses, or damages, Defendants lack knowledge or information sufficient to form a belief as to the allegations and therefore deny the same. To the extent Paragraph 40 alleges any wrongdoing or wrongful acts by Defendants or alleges that Defendants are liable to Plaintiff or that Plaintiff is entitled to any damages from Defendants, Defendants deny the same. Defendants deny the remaining allegations in Paragraph 40.

41. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 41 and therefore deny the same.

42. Defendants deny the allegations in Paragraph 42.

43. Defendants deny the allegations in Paragraph 43.

44. To the extent Paragraph 44 alleges what Plaintiff or her physicians and healthcare providers knew and how they would have acted, Defendants lack knowledge or information sufficient to form a belief as to the allegations and therefore deny the same. Defendants deny the remaining allegations in Paragraph 44.

45. To the extent Paragraph 45 alleges that Plaintiff suffered any injuries, losses, or damages, Defendants lack knowledge or information sufficient to form a belief as to the allegations and therefore deny the same. To the extent Paragraph 45 alleges any wrongdoing or wrongful acts by Defendants or alleges that Defendants are liable to Plaintiff or that Plaintiff is entitled to any damages from Defendants, Defendants deny the same. Defendants deny the remaining allegations in Paragraph 45.

46. To the extent Paragraph 46 alleges that Plaintiff suffered any injuries, losses, or damages, Defendants lack knowledge or information sufficient to form a belief as to the allegations and therefore deny the same. To the extent Paragraph 46 alleges any wrongdoing or wrongful acts by Defendants or alleges that Defendants are liable to Plaintiff or that Plaintiff is entitled to any damages from Defendants, Defendants deny the same. Defendants deny the remaining allegations in Paragraph 46.

47. To the extent Paragraph 47 alleges that Plaintiff suffered any injuries, losses, or damages, Defendants lack knowledge or information sufficient to form a belief as to the allegations and therefore deny the same. To the extent Paragraph 47 alleges any wrongdoing or wrongful acts by Defendants or alleges that Defendants are liable to Plaintiff or that Plaintiff is entitled to any damages from Defendants, Defendants deny the same. Defendants deny the remaining allegations in Paragraph 47.

48. To the extent Paragraph 48, including all subparts thereof, alleges that Plaintiff suffered any injuries, losses, or damages, Defendants lack knowledge or information sufficient to form a belief as to the allegations and therefore deny the same. To the extent Paragraph 48, including all subparts thereof, alleges any wrongdoing or wrongful acts by Defendants or alleges that Defendants are liable to Plaintiff or that Plaintiff is

entitled to any damages from Defendants, Defendants deny the same. Defendants deny the remaining allegations in Paragraph 48, including all subparts thereof.

49. Answering the allegations of Paragraph 49, Defendants state that Plavix® has been marketed through television, magazine, and Internet advertisements to both medical professionals and consumers, and that the Plavix® marketing materials, consistent with FDA regulations and applicable standards of care and law, set forth information about the product's benefits and risks in accordance with its FDA-approved label. Defendants further state that the Plavix® marketing material content speaks for itself. Defendants deny the remaining allegations in Paragraph 49.

50. Defendants deny the allegations in Paragraph 50.

51. Defendants deny the allegations in Paragraph 51.

52. To the extent the allegations of Paragraph 52 attempt to set forth a legal duty, the allegations call for a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendants state that the legal duties concerning the reporting of information to FDA and the Plavix® label are governed by applicable laws and regulations. Defendants deny the remaining allegations in Paragraph 52.

53. To the extent the allegations of Paragraph 53 attempt to set forth a legal duty, the allegations call for a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendants state that the legal duties concerning the reporting of information to FDA and the Plavix® label are governed by applicable laws and regulations. Defendants deny the remaining allegations in Paragraph 53.

54. Defendants deny the allegations in Paragraph 54.

55. To the extent the allegations of Paragraph 55 attempt to set forth a legal duty, the allegations call for a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendants state that the legal duties concerning the reporting of information to

FDA and the Plavix® label are governed by applicable laws and regulations.  Defendants deny the remaining allegations in Paragraph 55.

56.     Defendants deny the allegations in Paragraph 56.

57.     Defendants deny the allegations in Paragraph 57.

58.     Defendants deny the allegations in Paragraph 58.

59.     Defendants deny the allegations in Paragraph 59.

60.     Defendants deny the allegations in Paragraph 60.

61.     Defendants deny the allegations in Paragraph 61.

62.     Defendants deny the allegations in Paragraph 62.

63.     To the extent Paragraph 63 alleges that Plaintiff suffered any injuries, losses, or damages, Defendants lack knowledge or information sufficient to form a belief as to the allegations and therefore deny the same.  To the extent Paragraph 63 alleges any wrongdoing or wrongful acts by Defendants or alleges that Defendants are liable to Plaintiff or that Plaintiff is entitled to any damages from Defendants, Defendants deny the same. Defendants deny the remaining allegations in Paragraph 63.

64.     Defendants deny the allegations in Paragraph 64.

65.     To the extent the allegations of Paragraph 65 attempt to set forth a legal duty, the allegations call for a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendants deny the same.  Defendants deny the remaining allegations in Paragraph 65.

66.     To the extent the allegations of Paragraph 66 attempt to set forth a legal duty, the allegations call for a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendants deny the same.  Defendants deny the remaining allegations in Paragraph 66.

67. Defendants deny the allegations in Paragraph 67.

68. Defendants deny the allegations in Paragraph 68.

69. Defendants deny the allegations in Paragraph 69.

70. To the extent Paragraph 70 alleges that Plaintiff was an ordinary, reasonable, and prudent patient, Defendants lack knowledge or information sufficient to form a belief as to the allegations and therefore deny the same. Defendants deny the remaining allegations in Paragraph 70.

71. Defendants deny the allegations in Paragraph 71.

72. Defendants deny the allegations in Paragraph 72.

73. Defendants deny the allegations in Paragraph 73.

74. Answering the allegations of Paragraph 74, Defendants state that Plavix® has been marketed through television, magazine, and Internet advertisements to both medical professionals and consumers, and that the Plavix® marketing materials, consistent with FDA regulations and applicable standards of care and law, set forth information about the product's benefits and risks in accordance with its FDA-approved label. Defendants further state that the Plavix® marketing material content speaks for itself. Defendants deny the remaining allegations in Paragraph 74.

75. Answering the allegations of Paragraph 75, Defendants state that Plavix® has been marketed through television, magazine, and Internet advertisements to both medical professionals and consumers, and that the Plavix® marketing materials, consistent with FDA regulations and applicable standards of care and law, set forth information about the product's benefits and risks in accordance with its FDA-approved label. Defendants further state that the Plavix® marketing material content speaks for itself. Defendants deny the remaining allegations in Paragraph 75.

76. Defendants deny the allegations in Paragraph 76.

77. Defendants deny the allegations in Paragraph 77.

78.    Defendants deny the allegations in Paragraph 78.

## FRAUDULENT CONCEALMENT

79.    Defendants deny the allegations in Paragraph 79.

80.    Defendants deny the allegations in Paragraph 80.

## COUNT ONE

## LOUISIANA PRODUCTS LIABILITY ACT

81.    Answering the allegations of Paragraph 81, Defendants repeat and incorporate by reference their response to all preceding paragraphs of this Answer as if fully set forth herein.

82.    Defendants deny the allegations in Paragraph 82.

83.    Defendants deny the allegations in Paragraph 83, including all subparts thereof.

84.    Defendants deny the allegations in Paragraph 84.

85.    Defendants deny the allegations in Paragraph 85.

86.    Defendants deny the allegations in Paragraph 86.

87.    Defendants deny the allegations in Paragraph 87, including all subparts thereof.

88.    Defendants deny the allegations in Paragraph 88.

89.    To the extent Paragraph 89 alleges that Plaintiff suffered any injuries, losses, or damages, Defendants lack knowledge or information sufficient to form a belief as to the allegations and therefore deny the same.    To the extent Paragraph 89 alleges any wrongdoing or wrongful acts by Defendants or alleges that Defendants are liable to Plaintiff or that Plaintiff is entitled to any damages from Defendants, Defendants deny the same. Defendants deny the remaining allegations in Paragraph 89.

-12-

90.     The allegations in Paragraph 90 assert a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendants state that Plavix® has been marketed to both medical professionals and consumers, and that the Plavix® marketing materials, consistent with FDA regulations and applicable standards of care and law, set forth information about the product's benefits and risks in accordance with its FDA-approved label.  Defendants deny the remaining allegations in Paragraph 90.

91.     To the extent Paragraph 91 alleges upon what Plaintiff and Plaintiff's physicians relied, Defendants lack knowledge or information sufficient to form a belief as to the allegations and therefore deny the same.  Defendants deny the remaining allegations in Paragraph 91.

## COUNT TWO

## VIOLATION OF WARRANTY OF REDHIBITION

92.    Answering the allegations of Paragraph 92, Defendants repeat and incorporate by reference their response to all preceding paragraphs of this Answer as if fully set forth herein.

93.    Defendants deny the allegations in Paragraph 93.

94.    The allegations in Paragraph 94 assert a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendants deny the same.

95.    To the extent Paragraph 95 alleges that Plaintiff purchased Plavix®, or what Plaintiff knew about Plavix®, Defendants lack knowledge or information sufficient to form a belief as to the allegations and therefore deny the same.  Defendants deny the remaining allegations in Paragraph 95.

96.    Defendants deny the allegations in Paragraph 96.

97.    Defendants deny the allegations in Paragraph 97.

## PRAYER FOR RELIEF

Answering the Paragraphs set forth under the heading "Prayer for Relief," Defendants admit that Plaintiff seeks the relief requested but deny that Plaintiff is entitled to any relief against Defendants whatsoever.

## AFFIRMATIVE DEFENSES[2]

---

[2]    Defendants assert the following affirmative defenses without admitting or conceding that all of the affirmative defenses listed below are affirmative defenses for which they carry the burden of proof.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plavix® (clopidogrel bisulfate) is, and was at all times, safe for its intended use and not defective or unreasonably dangerous.

## THIRD AFFIRMATIVE DEFENSE

Without admitting that the product at issue was manufactured and/or sold by Defendants, to the extent Defendants had any duty with respect to the sale and/or manufacture of the product, such duty was fully discharged by the giving of adequate instructions and warnings concerning its use.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the principles of the learned intermediary and/or sophisticated user doctrine.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and/or medical expenses resulted from pre-existing or unrelated medical, psychiatric, genetic, or environmental conditions, diseases, or illnesses.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of federal preemption.

## SEVENTH AFFIRMATIVE DEFENSE

If Plaintiff suffered injuries and damages by reason of operation of nature or idiosyncratic and/or allergic reaction to the product, used either alone or in combination with any other drug, Defendants are not liable.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or reduced under the principles of assumption of the risk and/or informed consent.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's recovery, if any, from Defendants should be reduced, offset, or barred by the contributory or comparative negligence, fault, responsibility, or causation attributable to Plaintiff to some third party other than Defendants.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's injuries and damages, if any, were caused in whole or in part by an alteration, change, unintended use, or misuse of the product at issue.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries were caused or contributed to be caused by the intervening acts, superseding negligence, and/or subsequent conduct or fault on the part of a person or entity over whom Defendants neither had control nor right of control and, therefore, Plaintiff's claims are barred and/or Defendants are entitled to an apportionment of damages accordingly.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages were not proximately caused by any act or omission of Defendants and/or were caused or proximately caused by some person or third party other than Defendants for whom Defendants are not legally responsible.

## THIRTEENTH AFFIRMATIVE DEFENSE

One or more of the claims set forth in Plaintiff's Complaint are barred in whole or in part by the applicable statutes of limitation and/or statutes of repose.

## FOURTEENTH AFFIRMATIVE DEFENSE

The product at issue was available only through licensed physicians who were provided complete and adequate warnings and instructions consistent with the state of medical and scientific knowledge at the time.

-16-

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendants specifically plead collateral estoppel, res judicata, waiver, laches, and failure to mitigate or minimize damages, if any.

## SIXTEENTH AFFIRMATIVE DEFENSE

Any acts performed by Defendants in the design, manufacture, and marketing of the product at issue were in conformity with the "state of the art" existing at the time of such design, manufacture, and marketing, and public policy should hold that liability not be imposed on Defendants for untold risks not known at the time of design, manufacture, and marketing of the product at issue.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed due to improper venue and/or pursuant to the doctrine of *forum non conveniens*.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to the limitations set forth in the Restatement (Second) of Torts, section 402A, comment k, and/or the Restatement (Third) of Torts.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendants had no duty to warn of the possible dangers of using the product at issue, the existence of which are denied, that were not known at the time of manufacture or sale of the product.

## TWENTIETH AFFIRMATIVE DEFENSE

All of Defendants' activities and conduct conformed to all state and federal statutes, regulations, and industry standards based upon the state of knowledge existing at the relevant time.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The methods, standards, and techniques utilized by Defendants in designing, formulating, manufacturing, and marketing the product at issue and in issuing warnings and instructions with respect to its use were proper and in conformity with the generally recognized, reasonably available, and reliable state of knowledge in the field at the time the product was manufactured.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The injuries and/or damages claimed by Plaintiff were the result of unavoidable circumstances that Defendants could not have prevented.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The injuries and/or damages claimed by Plaintiff were the result of a pre-existing condition unrelated to any conduct of, or products placed in the stream of commerce by, Defendants.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The conduct of Defendants in all activities with respect to the product at issue has been and is under the supervision of FDA.  Accordingly, this action is barred by the doctrine of primary jurisdiction.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiff's alleged injuries.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The injuries and/or damages claimed by Plaintiff can be attributed to several causes and, accordingly, should be apportioned among the various causes according to the respective contribution of each such cause to the harm sustained.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the use of the product at issue was generally recognized as safe and effective pursuant to conditions established by FDA and applicable regulations, including packaging and labeling regulations.

## TWENTY- EIGHTH AFFIRMATIVE DEFENSE

The public interest, benefit, and availability of the product at issue outweigh the risks, if any, resulting from such activities, which were unavoidable given the state of knowledge at the time those activities were undertaken.

## TWENTY- NINTH AFFIRMATIVE DEFENSE

Any verdict or judgment rendered against Defendants must be reduced by those amounts that have or will, with reasonable certainty, replace or indemnify Plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, Social Security, worker's compensation, or employee benefit programs.

## THIRTIETH AFFIRMATIVE DEFENSE

At the time the product left Defendants' control, there was not a practical and technically feasible alternative design that would have prevented the harm without substantially impairing the reasonably anticipated or intended function of the product.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

Defendants are not liable for any harm caused because the product at issue contained an adequate warning as evidenced by its approval by FDA under the Federal Food, Drug, and Cosmetic Act.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

To the extent Plaintiff seeks equitable relief, such claims are barred because Plaintiff has an adequate remedy at law.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the applicable provisions of the U.S. Constitution, the Louisiana Constitution, and/or the applicable Constitution of any other State or Commonwealth of the United States whole laws might be deemed controlling in this case. These provisions include, but are not limited to, the First Amendment to the U.S. Constitution and Article I, Section 7 of the Louisiana Constitution because Defendants' commercial speech regarding Plavix® was neither false nor misleading.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the exclusivity of the Louisiana Products Liability Act, and all defenses set forth under the Louisiana Products Liability Act, La. Rev. Stat. § 9:2800.51, et seq. are hereby incorporated.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

Defendants rely upon all defenses contained in any applicable state statute or law.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

Defendants hereby give notice that they intend to rely upon any other defense that may become available or appear during the discovery proceedings in the case and hereby reserve the right to amend this Answer to assert any such defense. Defendants also reserve

-20-

the right to assert other and related defenses as may become available upon a determination of the law applicable to the action or any part thereof or claim therein.

## JURY DEMAND

Defendants hereby demand a jury trial on all issues so triable.

**WHEREFORE**, Defendants, having fully answered Plaintiff's Complaint, pray that Plaintiff take nothing by this suit and demand as follows:

1. That Plaintiff's Complaint be dismissed with prejudice on the merits;

2. That Defendants recover their costs and disbursements herein expended to the extent permitted under applicable law;

3. That Defendants be granted leave to file an amended pleading upon conclusion of reasonable discovery, if necessary; and

4. That Defendants be granted a jury trial and all other relief to which they are justly entitled.


Respectfully submitted,

*/s/ Monica N. Watson_____*
David L. Harris
Monica N. Watson
**LOWENSTEIN SANDLER LLP**
65 Livingston Avenue
Roseland, New Jersey 07068
973-597-2378 (Phone)
973-597-2379 (Fax)

Daniel S. Pariser
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004
Tel: (202) 942-500

*Attorneys for Defendants Bristol-Myers Squibb Company, Sanofi-Aventis U.S. LLC, Sanofi US Services Inc., and Sanofi-Synthelabo Inc.*

Dated:  April 26, 2013

-21-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has this day been filed using the CM/ECF system, which will provide notice to all counsel of record.

Dated:  April 26, 2013

*/s/ Monica N. Watson*_____ _____
Monica N. Watson