RECEIVED

MAR 0 9 2015

AT 8:30_____
WILLIAM T. WALSH ——M
CLERK

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: PLAVIX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION (NO. II) | MDL No. 2418 Docket No. 13-CV-02418-FLW-TJB ALL CASES |

## STIPULATION AND PROPOSED ORDER APPOINTING SPECIAL MASTER

Plaintiffs and Defendants in the above-captioned Plavix® cases hereby stipulate and agree to the appointment of Peter H. Woodin, Esq. as Special Master for all discovery disputes in this Proceeding, pursuant to the terms of the executed letter dated July 2, 2014 ("Special Master Agreement," attached hereto as Exhibit A), which are incorporated herein and are approved by entry of this stipulation and order.

Fed. R. Civ. P. 53 permits a federal court to appoint a special master to "perform duties consented to by the parties" or to "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Fed. R. Civ. P. 53(a)(1)(A); 53(a)(1)(C). Pursuant to Rule 53, the Court hereby appoints Mr. Woodin as the Special Master.

### 1. Duties of Special Master

The Special Master shall proceed with all reasonable diligence to resolve all discovery disputes as specified in the Special Master Agreement Paragraph 4. He shall have the rights, powers, and duties provided by Fed. R. Civ. P. 53 and may adopt such procedures as are not inconsistent with that rule or other orders of the Court. The Special Master shall maintain a complete record of the evidence considered in making or recommending findings of fact on the basis of the evidence. As an agent and officer of the Court, the Special Master shall enjoy the same protections from being compelled to give testimony and from liability and damages as those enjoyed by other federal judicial adjuncts performing similar functions.

### 2. Ex Parte Communications

Fed. R. Civ. P. 53(b)(2)(B) directs the Court to set forth the circumstances in which the Special Master may communicate *ex parte* with the Court or parties. The Special Master may communicate *ex parte* with the Court at his discretion, without providing notice to the parties, for the purposes of providing updates on the status of the proceedings. The Special Master may communicate *ex parte* with any attorney, provided that the Special Master provides notice to the opposing party indicating that an *ex parte* communication occurred and describing the general nature of the communication.

### 3. Review of Special Master's Findings/Recommendations

The parties hereto agree to be bound by any finding or resolution reached by the Special Master, subject to the appeal provision of the Special Master Agreement Paragraph 5. Any party objecting before this Court to an order or report of the Special Master pursuant to that provision shall file such objections within fourteen (14) days after service of the Special Master's order or report, which shall be filed with the objections and shall be deemed a recommendation to this Court. The Court shall review the findings of the Special Master according to the standards of review set forth in Fed. R. Civ. P. 53(f)(3) - (f)(5).

### 4. Compensation of the Special Master

The Special Master's compensation shall be governed by the Special Master Agreement Paragraphs 2 and 3, and shall be borne solely by those parties who executed the Special Master Agreement. A separate retention letter setting forth the financial terms of that arrangement is available to any party to this proceeding upon request.

### 5. Affidavit

Fed. R. Civ. P. 53(b)(3) requires a Special Master to submit an affidavit "disclosing any ground for disqualification under 28 U.S.C. § 455" before appointment. A copy of the Special Master's affidavit is attached to this order. The Special Master and the parties shall notify the Court immediately if they become aware of potential grounds for disqualification.

2

## 6. Contact Information

The Special Master's name, business address, and telephone number are as follows:

Peter H. Woodin
JAMS
620 Eighth Avenue, 34th Fl.
New York, NY 10018
Tel: (212) 607-2761

**SO STIPULATED AND AGREED.**

NAPOLI BERN RIPKA SHKOLNIK LLP
DATED: March ___, 2015

By:_____
SHAYNA SACKS
ssacks@NapoliBern.com
NAPOLI BERN RIPKA SHKOLNIK LLP
350 Fifth Ave., Suite 7413
New York, NY 10118
Telephone: (212) 267-3700
Facsimile: (212) 587-0031

*Plaintiffs' Liaison Counsel*

ARNOLD & PORTER LLP
DATED: March ___, 2015

By:_____
ANAND AGNESHWAR
ARNOLD & PORTER LLP
399 Park Avenue
New York, NY 10022-4690
Telephone: (212) 715-1107
Facsimile: (212) 715-1399

Drew A. Harker
Daniel S. Pariser
Steven G. Reade
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington, D.C. 20004
Telephone: (202) 942-5000
Facsimile: (202) 942-5999

*Attorneys for Defendants Bristol-Myers
Squibb Company, Sanofi-Aventis U.S. LLC,
Sanofi US Services Inc., Sanofi-Synthelabo
LLC, and McKesson Corporation*

Dated: March 9, 2015

It is so **ORDERED:**

_____
Hon. Freda L. Wolfson

3

# Exhibit A

# ARNOLD & PORTER LLP

**Anand Agneshwar**
Anand.Agneshwar@aporter.com

+1 212.715.1107
+1 212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

July 2, 2014

<u>VIA E-MAIL</u>

**Daniel C. Burke**
PARKER WAICHMAN LLP
dburke@yourlawyer.com

**Robert W. Cowan**
BAILEY PERRIN BAILEY PLLC
rcowan@bpblaw.com

**Heath Novosad**
**Ryan Roth**
BRACEWELL & GIULIANI LLP
heath.novosad@bgllp.com
ryan.roth@bgllp.com

**Robert L. Salim**
**Barrett Beasley**
SALIM-BEASLEY, LLC
skeeter@cp-tel.net
bbeasley@salim-beasley.com

**Hunter Shkolnik**
**Shayna E. Sacks**
NAPOLI BERN RIPKA SHKOLNIK LLP
ssacks@NapoliBern.com
hunter@NapoliBern.com

   Re:   *Plavix Litigation* – Special Master

Counsel:

     This letter memorializes our agreement concerning use of a Special Master to decide discovery disputes in the Plavix® litigation. The terms of our agreement are as follows:

1. Peter H. Woodin will be appointed Special Master. Final implementation of this agreement is contingent upon all parties' satisfaction with the Special Master's fee arrangement.

2. The parties will seek to negotiate with the Special Master an alternative fee arrangement that creates an appropriate incentive for efficient and cost-effective dispute resolution. Without limitation, this might include a fixed fee for a period of time, with the retention and arrangement to be re-evaluated by the parties following the conclusion of the period.

# ARNOLD & PORTER LLP

July 2, 2014
Page 2

3. Except as otherwise agreed to in writing, all fees and costs associated with the Special Master shall be split equally, with Defendants collectively responsible for half and Plaintiffs collectively responsible for half. Plaintiffs shall decide among themselves how to allocate the Plaintiffs' share among Plaintiffs' law firms.

4. The Special Master shall resolve all discovery disputes in any Plavix® case where any of the undersigned law firms are counsel or have any financial interest, including both personal injury claims and sales and marketing/*qui tam*/attorney general claims, whether pending in state or federal court. This authority includes resolution of any disputes arising under the Defendants' document production protocol once it has been agreed upon and/or approved.

5. Any appeals from a Special Master's decision which relates solely to issues relevant to a particular case shall be heard by any respective court where the applicable case is pending and shall be governed by the law of that jurisdiction. Any appeals from a Special Master's decision which relates to or affects cases across different jurisdictions or presents issues of general applicability or concern in the litigation shall be heard by Judge Freda Wolfson of the District of New Jersey in her capacity as MDL judge. The parties shall take all steps to urge that Judge Wolfson has jurisdiction and authority to resolve all such appeals. If the parties disagree as to the court to which an appeal should be taken under this paragraph, the Special Master shall make a binding decision on the proper court for an appeal.

6. The parties shall seek approval from each court in which any Plavix® cases are pending of appointment of the Special Master under the terms set forth herein, including paragraph 5 above. In the event that any such court does not approve such appointment, any party may choose to withdraw from this agreement.

7. This agreement is contingent on all of the undersigned parties reaching overall agreement on a nationwide document production protocol, Defendant and Plaintiff Profile Forms, and initial case management orders governing discovery pool selection.

Please sign below to indicate your agreement to these terms.

# ARNOLD & PORTER LLP

July 2, 2014
Page 3

By: _Robert L. Salim_
ROBERT L. SALIM
DATED: July 2, 2014

Robert L. Salim
Barrett Beasley
SALIM & BEASLEY, LLC
1901 Texas Street
Natchitoches, LA 71457
Telephone: (318) 352-5999

By: _____
HUNTER J. SHKOLNIK
DATED: July 2, 2014

Hunter J. Shkolnik
Shayna E. Sacks
NAPOLI BERN RIPKA SHKOLNIK LLP
350 Fifth Avenue, Suite 7413
New York, New York 10118
Telephone: (212) 267-3700

By: _Dan Burke/SS_
DANIEL C. BURKE
DATED: July 2, 2014

Daniel C. Burke
PARKER WAICHMAN LLP
6 Harbor Park Drive
Port Washington, NY 11050
Telephone: (516) 466-6500

By: _Anand Agneshwar/luk_
ANAND AGNESHWAR
DATED: July 2, 2014

Anand Agneshwar
ARNOLD & PORTER LLP
399 Park Avenue
New York, NY 10022-4690
Telephone: (212) 715-1107

Steven G. Reade
Daniel S. Pariser
Drew A. Harker
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington, D.C. 20004
Telephone: (202) 942-5000

*Attorneys for Defendants Bristol-Myers Squibb
Company, Sanofi-Aventis U.S. LLC, Sanofi US
Services Inc., and Sanofi-Synthelabo Inc.*

# ARNOLD & PORTER LLP

July 2, 2014
Page 4

By: _____
HEATH A. NOVOSAD
DATED: July ___, 2014

Heath A. Novosad
Ryan D. Roth
BRACEWELL & GIULIANI
711 Louisiana Street
Houston, TX 77002
Telephone: (713) 223-2300

By: _____
ROBERT W. COWAN
DATED: July ___, 2014

Robert W. Cowan
BAILEY PERRIN BAILEY PLLC
The Lyric Centre
440 Louisiana Street, Suite 2100
Houston, TX 77002
Telephone: (713) 425-7100

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: PLAVIX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION (NO. II) | MDL No. 2418 Docket No. 13-CV-02418-FLW-TJB ALL CASES |

### DECLARATION OF PETER H. WOODIN

Peter H. Woodin, being duly sworn, declares as follows:

1.      I make this declaration pursuant to Rule 53(b)(3)(A) of the Federal Rules of Civil Procedure.

2.      I have reviewed 28 U.S.C. § 455, and I can attest and affirm that I am aware of no grounds for disqualification under 28 U.S.C. § 455 that would prevent me from serving as the Special Master in the above-captioned litigation.

Peter H. Woodin

Dated this 27 day of February 2015